## MILNE *v*. DOUGLASS and others.[*]

(*Circuit Court, E. D. Missouri.* April 26, 1882.)

COMMON CARRIERS—JOINT CONTRACTS.

Where three railroad companies having connecting lines of road, and a steam-ship company connecting with the terminal line, entered into a contract with A. to transport certain property over their roads and upon said steamship company's vessels from X. to Z., and A. suffered loss through the negligence of one of said contracting parties in transporting said property, *held*, that said companies were jointly liable, notwithstanding the fact that the bills of lading under which said property was shipped were signed by the agent of said companies "severally but not jointly," and although said bills of lading provided that "in case any loss, detriment, or damage is done to or sustained by any of the property herein receipted for during such transportation, whereby any legal liability or responsibility shall or may be incurred, that company alone shall be held answerable therefor in whose actual custody the same may be at the time of the happening of such loss, detriment, or damage;" that the liability of said roads should cease upon their delivering said property to said steam-ship company in safety, and although said bills of lading contained the the following clause, viz. : "NOTICE. In accepting this bill of lading, the shipper, or agent of the owner of the property carried, expressly accepts and agrees to all its stipulations and conditions."

Demurrer to Answer.

This is a suit brought by John Milne against John M. Douglass, receiver of the Ohio & Mississippi Railway Company, and the New York, Pennsylvania & Ohio Railroad Company, the New York, Lake Erie & Western Railroad Company, and the Red Cross Line of steamships. The petition states that plaintiff is a commission merchant, doing business at Dundee, Scotland; that said steam-ship line and railroad companies are corporations; that said Douglass is receiver of the company first aforesaid; that defendants had received certain shipments of flour in the city of St. Louis for and on account of plaintiff, to be transported by them to Dundee, Scotland; that defendants failed to transport said flour within a reasonable time to its said destination ; and that plaintiff was thereby damaged in a sum stated. Defendant Douglass filed a separate answer stating that said flour had been shipped under bills of lading attached to the answer; that it had been transported by the Ohio & Mississippi Railway Company to the end of its line without delay, and then delivered in safety to the New York, Pennsylvania & Ohio Railway Company, and that its liability under said bills of lading thereupon ceased. The New York, Pennsylvania & Ohio Railroad Company and the

[*]Reported by R. F. Rex, Esq., of the St. Louis bar.

New York, Lake Erie & Western Railroad Company filed similar answers, each alleging that the flour had been transported over its road without delay, and turned over to the connecting line in safety. The bills of lading referred to by defendants' answers were each, so far as they need be here set out, as follows:

"Through bill of lading, No. —, of the Ohio & Mississippi Railway, New York, Pennsylvania & Ohio Railroad, and New York, Lake Erie & Western Railroad, and the Red Cross Steam-ship Line, from St. Louis to Dundee. Shipped * * * per Ohio & Mississippi Railway, New York, Pennsylvania & Ohio Railroad, and New York, Lake Erie & Western Railroad, to New York, to be there delivered to the steam-ship pier for transportation by the Red Cross Line of steam-ships, or other steamers, from New York to Dundee, Scotland, the following property: * * * To be delivered in like good order and condition at Dundee unto order * * * under the following terms and conditions, viz.:

* * * * * * * * *

"It is further stipulated and agreed that in case any loss, detriment, or damage is done to or sustained by any of the property herein receipted for during such transportation, whereby any legal liability or responsibility shall or may be incurred, that company alone shall be held answerable therefor in whose actual custody the same may be at the time of the happening of such loss, detriment, or damage.

* * * * * * * * *

"It is further agreed that the said Ohio & Mississippi Railway, New York, Pennsylvania & Ohio Railroad, and New York, Lake Erie & Western Railroad have the liberty to forward the goods or property to port of destination by any other steam-ship company than that named herein, and this contract is executed and accomplished, and the liability of the Ohio & Mississippi Railway, New York, Pennsylvania & Ohio Railroad, and New York, Lake Erie & Western Railroad, as common carriers thereunder, terminates on the delivery of the goods or property to the steamer or steam-ship company's pier at the port of New York, when the responsibility of the steam-ship company commences, and not before.

* * * * * * * * *

"NOTICE. In accepting this bill of lading, the shipper, or agent of the owner of the property carried, expressly accepts and agrees to all its stipulations, exceptions, and conditions.

"In witness whereof, the agent, signing for the said railway lines and steam-ship company, hath affirmed three bills of lading. * * *

"C. L. DEAN,
"Agent severally, but not jointly.'

No answer was filed by the Red Cross Line of steam-ships.

Plaintiff demurred to all three answers on the ground that the matter and things therein contained constitute no defense to the plaintiff's action, or show any relief from the liability incurred when

the bills of lading referred to therein were signed and the flour received for shipment.

*G. M. Stewart* and *Paul Bakewell*, for plaintiff.

*Garland & Pollard*, for defendants.

TREAT, D. J. The purpose of these demurrers is to call for an interpretation of the bills of lading, and the liabilities of the respective parties thereunder. Possibly the question presented may not, for technical reasons, fully arise on the demurrers, yet as the defendants stand on the contracts exhibited and count thereon, the court states that the contract as executed, despite some inconsistent terms therein printed, and despite the designation by the agent that he signed the same, "agent severally, but not jointly," bind each and all of the parties for the safe delivery at the place of destination of the property shipped. Such it is held is the true construction, in the light of the better authorities, now put on contracts like those here presented. See *Railroad Co.* v. *Mills*, 22 Wall. 594; Hutch. Carr. §§ 146, 152; *Bank, etc.*, v. *Adams Ex. Co.* 93 U. S. 174; *Myrick* v. *Michigan Cent. R. Co.* 7 Rep. 229; *Ry. Co.* v. *Pratt*, 22 Wall. 123, 130; Lawson, Cont. Carr. 343. See, also, note to *Snider* v. *Express Co.* 4 Cent. Law. J. 179, 180, 181; *Hooper* v. *Wells*, 5 Am. Law Reg. (N. S.) 16, with notes by Judge Redfield; 2 Am. Law Rev. 426.

Reference is made by defendants to *Citizens' Ins. Co.* v. *Kountz*, 10 Fed. Rep. 768, which it is supposed presents a different view. So far as the statute of Missouri (Rev. St. 1879, p. 95) may or may not affect the rights of parties under circumstances like these here presented, it must suffice to state that it is in accord with the general doctrine here announced.

The demurrers are sustained.